**In the Matter of GILBERT BROADCASTING CORPORATION, a corporation of the State of Delaware, authorized to do business in New Jersey, Debtor.**

**Bankruptcy No. 83–05052.**

United States Bankruptcy Court, D. New Jersey.

March 30, 1984.

casting Corporation (Gilbert), contending that (a) the petition was not filed in good faith, and (b) the "debtor corporation is without any business that can be the subject of reorganization or rehabilitation, and without any good will that is preservable."

The debtor corporation was formed in 1971 for the purpose of acquiring a license to operate radio station WNJR. In September of 1982, the Federal Communications Commission (FCC) dismissed the license application. Pursuant to the dismissal and a settlement agreement between Gilbert and Sound Radio, Inc. (Sound), the FCC required Sound to pay $330,000 to Gilbert for expenses incurred by Gilbert in connection with its application.

In December of 1982 the movant, Joseph Soriano, obtained a judgment against Gilbert in the amount of $202,138.17.

On August 30, 1983, Gilbert filed its petition under Chapter 11 of the Bankruptcy Code. Though the affidavit submitted by the movant does not state that Soriano was in the process of enforcing his judgment by obtaining a levy on the funds owed by Sound, it is apparent from the briefs and oral argument that Soriano was attempting to enforce his judgment at the time Gilbert filed for relief,[1] which actions may well have precipitated the filing.

At the time the petition was filed, it appears that the debtor had not received payment of the $330,000 from Sound. However, it appears that Sound paid over that sum subsequent to the filing and is presently invested in a certificate of deposit, which appears to be the sole asset of the estate. It further appears that the debtor does not plan to conduct business in the future; that, instead, it intends to file a liquidating plan of reorganization pursuant to § 1123[b][4] of the Code.

The debtor's schedules list liabilities of $1,251,519 owing to fifteen unsecured creditors, five of whom are directors and/or

Steven Jurista, Lehman & Wasserman, Millburn, N.J., for debtor.

Joseph Schoenholz, Millburn, N.J., for Joseph Soriano.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

Joseph Soriano, a judgment creditor of the above debtor, moves to dismiss the Chapter 11 petition filed by Gilbert Broad-

1. According to the Supplemental Brief submitted by the movant, an order was issued by the Chancery Division of the New Jersey Superior Court requiring Gilbert to show cause why Soriano's judgment should not be paid out of

the fund owed by Sound. The hearing on the order to show cause, originally scheduled for May 13, 1983, is presently stayed by reason of the filing of the Chapter 11 petition.

officers of the corporation, with approximately $700,000 allegedly owing to Milton Gilbert, president, director, and the principal shareholder, including $125,000 listed as a priority wage claim. The schedule lists three debts owing to others totalling some $465,000, each exceeding $100,000. The remaining debts, including other directors and officers, range from $550.00 to $27,500.

Section 1112[b] of the Code, 11 U.S.C. § 1112[b], authorizes the Court to dismiss or convert a Chapter 11 petition, whichever is in the best interests of creditors and the estate, for cause. Though lack of good faith is not included in the list of causes enumerated in § 1112[b], the Court notes that the list is non-exhaustive.

It is generally agreed that lack of good faith is cause for dismissal or conversion. *See, e.g., Weathersfield Farms, Inc. v. First Interstate Bank*, 15 B.R. 282 (D.Ct. Vt.1981); *In the Matter of Nikron, Inc.*, 27 B.R. 773 (Bankr.E.D.Mich.1983); *North Central Development Co. v. Landmark Capitol Co.* (In re Landmark Capitol Co.), 27 B.R. 273 (Bankr.D.Az.1983); *In the Matter of 299 Jack Hemp Associates*, 20 B.R. 412 (Bankr.S.D.N.Y.1982); *In re Northwest Recreational Activities, Inc.*, 4 B.R. 36 (Bankr.N.D.Ga.1980). Additionally, this Court has recognized its "inherent power to dismiss a Chapter 11 case when its jurisdiction has been improperly invoked." *Continental Illinois National Bank and Trust Co. v. Century City, Inc.* (In the Matter of Century City, Inc.), 8 B.R. 25, 30 (Bankr.D.N.J.1980).

■ In general terms, a petition is not filed in good faith when the person seeking relief invokes the jurisdiction of the bankruptcy court for purposes inconsistent with the aims and purposes of the Bankruptcy Code. As stated in *In re Victory Construction Co.*, 9 B.R. 549, 558 (Bankr.C.D. Ca.1981):

> The provisions of the Code dealing with rehabilitation and reorganization must be viewed as direct lineal descendants of a legal philosophy solidly embedded in American Bankruptcy law. Review and analysis ... disclose a common theme and objective: avoidance of the consequences of economic dismemberment and liquidation, and the preservation of ongoing values in a manner which does equity and is fair to rights and interests of the parties affected. But the perimeters of this potential mark the borderline between fulfillment and perversion.... That borderline is patrolled by courts of equity, armed with the doctrine of "good faith": the requirement that those who invoke the reorganization or rehabilitative provisions of the bankruptcy law must do so in a manner consistent with the aims and objectives of bankruptcy philosophy and policy—must, in short, do so in "good faith".

*See also In the Matter of Mogul*, 17 B.R. 680, 681–82 (Bankr.M.D.Fl.1982).

■ Given the primary objective of reorganization proceedings and the financial and operating status of Gilbert, the Court concludes that the debtor's petition was not filed in good faith.

At the time the petition was filed, Gilbert was not engaged in any business activity and had no intention of doing so in the foreseeable future. Thus, the filing of the petition was not intended to fulfill the primary purpose of Chapter 11—the reorganization or rehabilitation of a business enterprise.

Though the Code authorizes liquidating plans, *see* 11 U.S.C. §§ 1123[b][4], 1123[a][5][D], the debtor does not have any assets to liquidate. All that remained for the debtor to do was to collect the $330,000 from Sound. As noted in *In the Matter of Nikron, Inc., supra*, 27 B.R. 773, "a plan of liquidation, where appropriate, contemplates the existence of property to be liquidated to effectuate the proposed plan." *Id.* at 779. It is plain that a certificate of deposit is the equivalent of cash, normally the end result of liquidation. There can be no question that the petition was not filed to accomplish any purpose or objective of Chapter 11.

In *Nikron, supra,* the court, in footnote 8 at p. 778, cites a series of cases in support of the proposition that Chapter 11 is not to be used as a means of preventing a creditor from enforcing its claim, as was done in the instant case. The filing of a Chapter 7 would have triggered the automatic stay of § 362[a] and would have just as effectively stayed Soriano from enforcing his judgment. As noted in *Nikron,* "Congress did not intend that Chapter 11 be used as a substitute for Chapter 7." *Id.* at 778. *See In the Matter of W.J. Rewoldt Co.,* 22 B.R. 459, 462 (Bankr.E.D.Mich. 1982).

■ Though the movant seeks dismissal, § 1112[b] requires a determination of whether dismissal *or* conversion is in the best interests of creditors and the estate. In light of the pending state court action in which the movant seeks to enforce his judgment and the underlying bankruptcy principle of equality of distribution, the Court concludes that the interests of all the creditors will best be served by conversion, rather than by dismissal.

Submit an order in accordance with this opinion.