### In re Eulalee BROWN, Debtor.
### (Two Cases)

**Bankruptcy Nos. 83–00437, 84–00383.**

United States Bankruptcy Court,
District of Columbia.

Jan. 15, 1985.

Cynthia A. Niklas, Pitts, Wike, Niklas, Washington, D.C., trustee.

Ronald S. Goldberg, Gaithersburg, Md., for debtor.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

The Debtor filed a Chapter 13 case in 1982, No. 82–00765. Confirmation was denied and the case dismissed on June 14, 1983 because the Debtor acted in bad faith by failing to list and making undisclosed post-petition payments to an unsecured creditor.

About a month later, on July 21, 1983, the Debtor filed a Chapter 7 case, No. 83–00437, listing more than twenty creditors. She received her discharge in that case on January 25, 1984.

On July 25, 1984, six months after receiving the Chapter 7 discharge, the Debtor filed another Chapter 13 case, listing only five creditors, consisting of the holder of

the deed of trust on her real property at 5224 First, N.W. in the District of Columbia, I.R.S., and three non-priority unsecured creditors, one whose claim apparently arose after the date of the Chapter 7 discharge, one whose claim was not listed in the Chapter 7 case and would for that reason appear to be non-dischargeable in that case, and one whose claim would appear to have been discharged in that case. At the confirmation hearing, the Chapter 13 Trustee objected to confirmation on the ground that the Plan was not feasible. The Debtor sought and this Court orally granted a continuance so that the Debtor could file an amended Plan and an amended statement of income and expenses so as to reflect current, changed facts which the Debtor contended made her proposed amended Plan feasible.

At the same time this Court took under advisement the question of the Debtor's good faith *vel non* on account of the Debtor's filing the above-described three successive bankruptcy cases. The Court now rules, on the authority of *In re Robinson*, 18 B.R. 891 (Bankr.D.Conn.1982), and other cases discussed below, that the question of good faith should await the continued confirmation hearing. In *In re Robinson, supra*, the Debtor filed a Chapter 13 case after receiving a Chapter 7 discharge. A secured creditor that had been automatically stayed from repossessing the Debtor's car both by the first and then again by the second filing moved to dismiss the second case on the ground of bad faith. The creditor's lift-stay proceeding in the first case had been dismissed after the discharge was entered. The court reserved the question of good faith *vel non* until the confirmation hearing, holding that:

> "Although the serial filing of a Chapter 7 and a Chapter 13 case may raise questions of good faith under 11 U.S.C. § 1325(a)(3), it does not warrant the immediate dismissal of the Chapter 13 case." [Footnote citations omitted.]

To the same effect is *In re Bumpass*, 28 B.R. 597 (Bankr.S.D.N.Y. 1983). There, the stay had been lifted in an earlier still-pending Chapter 7 case (which had been converted from Chapter 13). In rejecting the creditor's contention that *res judicata* barred the Debtor from relitigating the question whether the stay should be lifted, the court adverted to the Debtors' claim that changed circumstances enabled them to fund a Plan, and to the fact that 11 U.S.C. § 362(d)(2)(B) provides an additional ground for defense of a lift-stay proceeding, available in a Chapter 13 but not in a Chapter 7 case. Also relevant is *In re Smith*, 43 B.R. 319 (Bankr.E.D.N.C.1984). There, based on a finding of changed circumstances, the court confirmed the Debtor's Chapter 13 Plan, holding that "the plan has been proposed in good faith," even though this was the Debtor's fourth successive Chapter 13 filing (and at least second successive eleventh-hour utilization of the automatic stay to prevent foreclosure).

*Freshman v. Atkins*, 269 U.S. 121, 122, 123, 46 S.Ct. 41, 70 L.Ed. 193 (1925) is readily distinguishable. There the Supreme Court applied the "rule [analogous to *res judicata*] that the law will not tolerate two suits at the same time for the same cause" in holding that "the pendency of the first application [for discharge of debts] precluded a consideration of the second in respect of the same debts." In the instant Chapter 13 case, the Debtor seeks entirely different relief from that which she has already obtained in the Chapter 7 case. She obtained a Chapter 7 discharge in the first case. Now, in the second case, she seeks to cure deed of trust arrearages, as allowed under Chapter 13 (*see* 11 U.S.C. § 1322(b)(5) ) but not Chapter 7; to pay tax debts in interest-free instalments, as allowed under Chapter 13 (see 11 U.S.C. § 1322(a)(2) ) but not Chapter 7; and to pay at least a portion of and obtain a Chapter 13 discharge as to new debts not covered by the prior Chapter 7 discharge.

The United States Court of Appeals for the Eight Circuit recently held, in *In re Baker*, 736 F.2d 481, 482 (8th Cir.1984), that "a previous [Chapter 7] discharge in bankruptcy within six years of filing for Chapter 13 relief does not by itself automatically bar relief under Chapter 13."

The Court noted, however, that, if the "Chapter 13 filing amounts to a disguised liquidation plan, brought under Chapter 13 only because section 727(a)(8) or (9) precludes the debtor from obtaining Chapter 7 relief," dismissal might well be appropriate.

This Court will defer until the confirmation hearing final determination of the questions whether the Debtor's Plan in this case constitutes a "disguised liquidation plan" and whether the fact that it amounts to a zero-payment plan as to those creditors whose claims were discharged in the prior Chapter 7 case constitutes bad faith in the particular circumstances of this case.