In re Gary D. GRIMES and Patricia J. Grimes, Debtors.

Gary D. GRIMES and Patricia J. Grimes, Appellants,

v.

UNITED STATES of America, FARMERS HOME ADMINISTRATION, and Wilber–Ellis, Appellees.

BAP No. EW 89–2003–AsPO.

Bankruptcy No. 87–04169–R22.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 17, 1990.

Decided Aug. 3, 1990.

**532**

Frank L. Kurtz, Yakima, Wash., for appellants.

William H. Beatty, Spokane, Wash., for appellees.

## OPINION

Before ASHLAND, PERRIS and OLLASON, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge.

The debtors appeal the bankruptcy court's orders denying confirmation of their Chapter 12 plan and dismissing the case. We reverse.

## FACTS

In 1985, Gary and Patricia Grimes, the debtors, filed a petition for relief under Chapter 11. A Chapter 11 plan was confirmed on April 21, 1986 and a discharge was entered pursuant to 11 U.S.C. § 1141(d). The Chapter 11 plan provided that the debtors would make payments of $64,522 per year on Farmers Home Administration's (FmHA) secured claim of $600,-000. The first payment was due December 31, 1986. The debtors' farming operations were successful during 1986 and they made the required payment to FmHA.

In 1987 the local farming economy experienced a severe downturn and as a result the debtors were not able to make their December 31, 1987 payment to FmHA. FmHA threatened to foreclose on the debtors' farm pursuant to the terms of the Chapter 11 plan. The debtors responded by filing a petition for relief under Chapter 12. FmHA objected to the debtors' proposed Chapter 12 plan, arguing that the debtors were not properly "debtors" under Chapter 12, in that they were operating under a confirmed Chapter 11 plan of reorganization.

The bankruptcy court, after hearing evidence on confirmation, found that the Chapter 12 plan as proposed was feasible, filed in good faith, and otherwise complied in all respects with the provisions of Chapter 12. However, the bankruptcy court denied confirmation of the plan and dismissed the debtors' Chapter 12 case. The bankruptcy court reasoned that under 11 U.S.C. § 1101(2), the debtors' Chapter 11 plan was substantially consummated, but that according to the definition of "substantial consummation" stated in the plan, the debtors' Chapter 11 plan was not substantially consummated. The bankruptcy court stated that the confirmed Chapter 11 plan was *res judicata*, with respect to the question of whether the Chapter 11 plan was substantially consummated. The court held that since the Chapter 11 plan had not been substantially consummated the Chapter 11 case was pending when the debtors filed their petition for relief under Chapter 12. Thus, the debtors were in violation of the rule stated in *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), that debtors cannot have two pending bankruptcy proceedings seeking discharge of the same obligations. The debtors timely appealed the denial of confirmation of their proposed Chapter 12 plan and the dismissal of the Chapter 12 case.

## ISSUE

Whether the debtors violated the rule enunciated in *Freshman v. Atkins*, supra,

by filing a Chapter 12 petition before their confirmed Chapter 11 plan was substantially consummated.

## STANDARD OF REVIEW

The facts in this case are not in dispute, and the issue presented is a question of law reviewed *de novo. Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

## DISCUSSION

The discharge provision applicable to Chapter 12 cases is contained in 11 U.S.C. § 1228. Section 1228 provides that a discharge is granted as soon as practicable after completion by the debtor of all payments under the plan (usually three years). 11 U.S.C. § 1228(a). Section 1228 does not incorporate 11 U.S.C. § 727(a). The Chapter 12 discharge is not conditioned, on not having received a discharge in a prior Chapter 12 or in another proceeding under any other chapter. Thus, there is no statutory prohibition on the filing of a Chapter 12 case on the heels of a proceeding under another chapter.

█ FmHA contends that even though there is no statutory prohibition against the filing of a Chapter 12 less than two years after the confirmation of their Chapter 11 plan, the debtors may not file a Chapter 12 petition prior to the substantial consummation of their Chapter 11 plan. FmHA essentially asserts that there is a *per se* rule that only one chapter case may be pending under Title 11 at a time. FmHA contends that the debtors' second filing is prohibited by the rule enunciated in *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), and that it would create uncertainty among creditors and present the opportunity for abuse of the bankruptcy laws. As a result, FmHA argues that based on the rule of *Freshman*, the only question remaining is whether the bankruptcy court correctly determined that two actions were pending when it dismissed the debtors' Chapter 12 petition.

Despite the lack of statutory authority for its argument FmHA's position is not without legal support. A number of cases have considered the question of whether a debtor may maintain two simultaneous bankruptcy cases in connection with Chapter 13 cases filed after receiving a discharge in a Chapter 7. There is a split of authority with respect to whether a debtor may file a Chapter 13 on the heels of a Chapter 7. The majority of courts have held that the filing of a Chapter 13 while a Chapter 7 case is pending violates the Supreme Court's holding in *Freshman. See In re Borg*, 105 B.R. 56, 58 (Bankr.D.Mont. 1989); *In re Smith*, 85 B.R. 872, 874 (Bankr.W.D.Okla.1988); *In re Belmore*, 68 B.R. 889, 891 (Bankr.M.D.Pa.1987); *Prudential Ins. Co. of America v. Colony Square, Co.*, 40 B.R. 603, 605 (Bankr.N.D. Ga.1984), *aff'd, sub nom. In re Colony Square, Co.*, 62 B.R. 48 (N.D.Ga.1985); *In re Stahl, Asano, Shigetomi & Associates*, 7 B.R. 181, 186 (Bankr.D.Hawaii 1980). There is an emerging minority view that a debtor who has received a Chapter 7 discharge is not prohibited from filing a subsequent case under Chapter 13 even though the Chapter 7 case remains open. *See In re Saylors*, 869 F.2d 1434, 1437–38 (11th Cir.1989); *In re Kosenka*, 104 B.R. 40, 43–44 (Bankr.N.D.Ind.1989) (and the cases cited therein); *In re Strause*, 97 B.R. 22, 26–30 (Bankr.S.D.Cal.1989) (and the cases cited therein); *In re Brown*, 51 B.R. 284, 285 (Bankr.D.C.1985); *In re Nimai Kumar Ghosh*, 38 B.R. 600, 603–04 (Bankr. E.D.N.Y.1984); *In re Bumpass*, 28 B.R. 597, 599 (Bankr.S.D.N.Y.1983); *In re Tauscher*, 26 B.R. 99, 102–03 (Bankr.E.D. Wis.1982); *In re Robinson*, 18 B.R. 891, 893 (Bankr.D.Conn.1982).

Most of the cases in the majority rely on *Freshman*, and state a *per se* rule that two cases cannot be pending at the same time. In *Freshman*, the debtor filed a bankruptcy in 1915. The debtor applied for a discharge but no action was ever taken to either grant or deny the discharge. *Id.* at 121, 46 S.Ct. at 41. The debtor filed a second bankruptcy in 1922, listing debts contained in the 1915 petition in addition to some new debts. The debtor was denied a discharge in the second bankruptcy. *Id.* at 122–23, 46 S.Ct. at 41–42. The Supreme Court reasoned:

[T]he pendency of the first application precluded a consideration of the second in respect of the same debts.... A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars application under a second proceeding for discharge from the same debts.

*Id.* (citations omitted.)

The court held that the prior application for discharge was pending and could have been acted upon by the trial court, and that to ignore it and make a second application was an "imposition upon and abuse of the process of the court, if not a clear effort to circumvent the statute by enlarging the statutory limitation of time within which an application for a discharge must be made." *Id.* at 123–24, 46 S.Ct. at 42.

The *Strause* court, in a thoughtful analysis, pointed out the fallacy in the majority's reliance on *Freshman.* As noted in *Strause* the best explanation of the *Freshman* decision was given by the Ninth Circuit in *Holmes v. Davidson,* 84 F.2d 111 (9th Cir.1936). *Strause,* 97 B.R. at 25. The *Holmes* court stated:

The Supreme Court in *Freshman v. Atkins* had under consideration the effect of a failure to apply for discharge in a pending bankruptcy proceeding upon a subsequent proceeding in bankruptcy....

The right to a discharge in bankruptcy is not an unqualified right. It depends upon a compliance by the bankrupt with the statute which authorizes the discharge. One of the requirements is that he must present his application for discharge after the adjudication in bankruptcy, and within the twelve months' period thereafter or within an extension of that period not exceeding six months (11 U.S.C.A. § 32). It is uniformly held that a bankrupt cannot extend his time for making his application for discharge by the mere device of filing a second voluntary petition in bankruptcy. He

cannot allow the time to file his petition for discharge to expire, and then file a new petition in bankruptcy and by so doing extend his time for making such application for an additional twelve months as to a debt scheduled in the first bankruptcy proceeding. (citations omitted.)

*Holmes,* 84 F.2d at 112–13; *See also In re Schwartz,* 89 F.2d 172 (2nd Cir.1937).

The *Strause* court then went on to analyze the continued viability of the *Freshman* holding. The *Strause* court stated:

Two important points should be stressed at this juncture. First, although the language of *Freshman v. Atkins* suggests two proceedings cannot be pending at the same time, that is not the holding of that decision. To the contrary, it should be recalled that the new debts scheduled in the second petition *were* discharged, notwithstanding the "pending" first proceeding. Second, in 1938 the Congress amended the applicable law through the Chandler Act. The amendments specifically changed the requirement of applying for a discharge within a specific period of time. As noted by the Second Circuit:

Section 14 was amended in 1938 to provide that a petition in bankruptcy filed by any person except a corporation is to be considered an application for a discharge. 11 U.S.C.A. § 32, sub. a. The court then has the duty to fix a time for filing objections to discharge, with notice given to all interested parties. If no objections are filed, the discharge is automatically granted.

*Perlman v. 322 West Seventy–Second Street Co.,* 127 F.2d 716, 717 (2nd Cir. 1942). *See also In re Frey,* 95 F.Supp. 1007, 1008 (S.D.N.Y.1951). By the amendment, the rationale for the decision in *Freshman v. Atkins* was removed, because a failure to apply for a discharge within a specified time no longer constituted a denial of discharge which was *res judicata* as to the debts listed in the first proceeding.

*Strause*, 97 B.R. at 26; *accord In re Kosenka*, 104 B.R. 40, 44–45 (Bankr.N.D.Ind. 1989) (holding that after a Chapter 7 discharge has been granted the debtor is not barred as a matter of law from filing a Chapter 13 petition); *In re Brown*, 51 B.R. 284, 285 (Bankr.D.D.C.1985) (finding that the rule of *Freshman* prohibiting two suits at the same time is distinguishable because the later filed Chapter 13 seeks entirely different relief from that which has already been obtained in the Chapter 7 case).

The only circuit court to directly address the issue is *In re Saylors*, 869 F.2d 1434 (11th Cir.1989). In *Saylors*, the debtor filed a Chapter 13 petition after receiving a Chapter 7 discharge but prior to the closing of the Chapter 7 case. The Eleventh Circuit held:

> The district court also concluded that, as a matter of law, Saylors did not propose his chapter 13 plan in good faith. Two factors had a significant influence on the court in reaching this decision. The first was that Saylors filed his chapter 13 petition before the chapter 7 trustee filed his final report. This factor, however, is not dispositive on the issue of good faith. If it were, a debtor effectively would be barred as a matter of law from filing a chapter 13 petition during the period between the debtor's receipt of a chapter 7 discharge and the filing of the final report by the chapter 7 trustee. The language of the Bankruptcy Code suggests no such rule. The Code provides that the "court *shall* confirm a [chapter 13] plan" if the debtor meets certain conditions. 11 U.S.C. § 1325(a). The receipt of a prior chapter 7 discharge does not prevent the debtor from meeting any of the listed conditions. *See* § 1325(a)(1)–(6).
>
> A *per se* rule barring the filing of a chapter 13 petition during the period at issue also would conflict with the purpose of Congress in adopting and designing chapter 13 plans. In *Perry v. Commerce Loan Co.*, 383 U.S. 392 [86 S.Ct. 852, 15 L.Ed.2d 827] (1966), the Supreme Court held that the statutory provision barring a debtor from receiving a chap-

ter 7 discharge within the first six years following the receipt of another discharge in bankruptcy [ ] does not apply to a chapter 13 [sic] petition filed after the receipt of a bankruptcy discharge. The Court reasoned that the application of the six-year bar to chapter 13 [sic] plans would prevent deserving debtors from utilizing the plans and thereby collide with the purpose of Congress in adopting and designing these plans. *Id.* at 399 and n. 6.... A rule barring all debtors from taking advantage of chapter 13 during this period could defeat Congress's [sic] intent to the same extent as would a flat six-year prohibition.

*Saylors*, 869 F.2d at 1437–38.

Finally, *Matter of Metz*, 820 F.2d 1495 (9th Cir.1987) implicitly supports the minority position that a debtor may file a Chapter 13 after receiving a Chapter 7 discharge but before the Chapter 7 case is closed. In *Metz*, the Ninth Circuit held that successive filings do not constitute bad faith *per se*, and that the filings must be examined together and the result achieved by such filings and reviewed against the statutory requirements of the Bankruptcy Code. *Accord In re Baker*, 736 F.2d 481, 482 (8th Cir.1984); *In re Gayton*, 61 B.R. 612, 614 (9th Cir. BAP 1986). The *Metz* court found the second petition was filed in good faith, thus there was no statutory bar to the filing of a Chapter 13 petition after receiving a Chapter 7 discharge and while the Chapter 7 petition was pending. *Metz*, 820 F.2d at 1498–99. Like the court in *Metz*, the bankruptcy court in this case found the second petition was filed in good faith. The bankruptcy court's good faith finding is not challenged on appeal.

Within the majority there are a significant number of cases that hold that a debtor may not maintain two cases simultaneously relying on the "single estate rule." These cases are distinguishable in that the rule prohibits a debtor from filing a Chapter 13 petition before the receipt of the Chapter 7 discharge. This court followed the so called single estate rule in *In re Berg*, 45 B.R. 899 (9th Cir. BAP 1984). In *Berg*, a debtor filed a case in 1975 under

the Bankruptcy Act of 1898. The debtor did not list a piece of real estate in his schedules because the property was not held in his name. *Id.* at 900. After the bankruptcy case was closed, a state court held that title to the property was vested in the debtor and had been since 1975. The debtor in 1981 moved to reopen his Act case and also filed a new case under the Bankruptcy Code. This court concluded that the property was an asset of the Act estate, because the trustee is vested with title to all the debtor's property at time of the petition and title remains in the trustee until revested or abandoned. *Id.* at 903 (citing *Stein v. United Artists Corp.,* 691 F.2d 885, 890–91 (9th Cir.1982)). The *Berg* court stated:

> The Act and Code estates are two separate and distinct entities which are exclusive of one another. This property cannot be an asset of both estates simultaneously.

*Berg,* 45 B.R. at 903; *accord Associates Financial Serv. Corp. v. Cowen,* 29 B.R. 888, 895 (Bankr.S.D.Ohio 1983).

In this case the debtors' Chapter 11 discharge was granted on April 21, 1986 when their plan was confirmed. 11 U.S.C. § 1141(d). The debtors' discharge was not subject to revocation when their Chapter 12 petition was filed. 11 U.S.C. § 1144. As a result of the Chapter 11 plan confirmation, the assets of the Chapter 11 estate were vested in the debtor. 11 U.S.C. § 1141(b).

Like the *Strause* court, this court finds that the statutory framework which resulted in the *Freshman* decision no longer exists, and that the case never held, on its facts, that a debtor could not have two petitions pending simultaneously, and therefore the line of cases following *Freshman* are inapposite. *See Strause,* 97 B.R. at 29. Thus a debtor who has been granted a discharge under one chapter under Title 11 may file a subsequent petition under another chapter even though the first case remains open, as long as the debtor meets the requirements for filing the second petition.

■ Alternatively, FmHA contends that even if a debtor may file a Chapter 13

while a Chapter 7 is pending that a debtor should not be able to file a Chapter 12 while a Chapter 11 case is pending. FmHA argues that this court should follow *Prudential Ins. Co. of America v. Colony Square Co.,* 40 B.R. 603 (Bankr.N.D.Ga. 1984). In *Colony,* the debtor filed a Chapter 11 petition six years after a plan under Chapter XII of the Bankruptcy Act of 1898 was confirmed. The *Colony* court, relying on *Freshman,* held that the debtor could not maintain two pending bankruptcy cases at the same time. *Id.* at 606. The Chapter XII plan in *Colony,* as in this case, had not been consummated and the court retained jurisdiction under the plan to enforce its terms. *Id.* at 606. The *Colony* court stated:

> Under our facts, allowing the Chapter 11 to proceed would place this court in an awkward predicament. We would be requested as a Chapter XII court to enforce the unconsummated plan, but we would be admonished as a Chapter 11 court that such relief would result in a violation of the automatic stay. Each voice would speak with equal force and validity, since both cases would properly be before the court. We deem it to be within our inherent powers to preclude such an absurd result. *Freshman v. Atkins, In re Stahl, Asano, Shigetomi & Assoc., supra.*

*Id.*

As noted above, the debtors have received their Chapter 11 discharge, therefore, the automatic stay in the Chapter 11 case terminated pursuant to 11 U.S.C. § 362(c)(2)(C), and all property dealt with by the Chapter 11 plan vested in the debtor under § 1141(d)(3). The Chapter 11 plan discharged the pre-confirmation debts and substituted the obligations created by the plan for the discharged obligations. If Congress, in enacting Chapter 12, wanted to prohibit a family farmer from filing a Chapter 12 case after he had dealt with his debts in Chapter 11, it would have specifically prohibited it. *See In re Culbreth,* 87 B.R. 225, 227 (Bankr.M.D.Ga.1988). Since Congress did not specifically prohibit the filing of a Chapter 12 after a Chapter 11

plan has been confirmed we decline to read such a prohibition into the law. *See Id.*

## CONCLUSION

The bankruptcy court's orders denying confirmation of the debtors' Chapter 12 plan and dismissing the Chapter 12 case are reversed.