In re Janice R. KEEN, Debtor.

Bankruptcy No. 4–90–00639(3).

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 21, 1990.

Brian L. Haynes, Owensboro, Ky., for debtor.

Joseph J. Golden, Asst. U.S. Trustee, Louisville, Ky.

MEMORANDUM OPINION

DAVID T. STOSBERG, Bankruptcy Judge.

The debtor has voluntarily moved to dismiss this Chapter 11 case following termination of the automatic stay in favor of the secured creditor, Henderson Home Savings and Loan Association ("Henderson Home"). The concurrent pendency of a Chapter 7 case on the debtor's behalf gives rise to the issue, heretofore unresolved in this district, of whether a debtor should be permitted to maintain two or more cases, under different chapters of the bankruptcy code, at the same time. For the reasons which follow, we answer our query in the negative and dismiss this case.

We embark on our discussion with a brief history of the underlying facts. On December 18, 1989, the debtor petitioned this court for relief under Chapter 13 of the bankruptcy code. In the schedules accompanying her petition, the debtor listed secured debt in excess of $200,000.00 and unsecured debt of $6700.00. Of the secured creditors, Henderson Home was by far the largest, holding a mortgage on the debtor's residence totalling $164,546.65. The debtor estimated the value of this property, located at 235 South Elm Street, Henderson, Kentucky, to be $130,000.00.

Initially, Henderson Home moved to dismiss the case, based on the debtor's failure to timely file a repayment plan, pursuant to the requirements set forth at 11 U.S.C. § 1321 and Bankr.R. 3015. Following a hearing on the dismissal motion, the debtor was ordered to convert her case to Chapter 7 by March 31, 1990. Subsequently, after Mrs. Keen failed to attend her § 341 meeting and failed to convert the case to a Chapter 7, Judge Dickinson dismissed the case.

On April 23, 1990, six days after her Chapter 13 case was dismissed, the debtor filed a new petition for relief under Chapter 7. Her Chapter 7 schedules mirror those filed earlier in the Chapter 13 case.

Within a week, Henderson Home sought relief from the automatic stay in order to proceed with its planned foreclosure on the Elm Street property. Henderson Home's stay motion was sustained on June 27 and the property was thereafter scheduled to be sold on July 16 at 1:30 P.M. By now this recalcitrant debtor had successfully forestalled the foreclosure for seven months. We note that by unsuccessfully contesting the stay motion, this debtor enjoyed two additional "free months" in the property.

During the months of June and July, while enjoying the benefit of the stay, the debtor compounded her uncooperative behavior by ignoring the request of the Chapter 7 Trustee to provide documents and itemize exempt property in greater detail. Meanwhile, Russ Wilkey, her counsel in the Chapter 7 case, sought permission to withdraw as counsel.

Nevertheless, at noon on the day of the sale, this debtor, fully cognizant of the pending Chapter 7 case, duped new counsel into filing a skeletal Chapter 11, in what was literally an eleventh hour attempt to thwart the sale. After being notified of the filing by telephone, the Court took the extraordinary step of immediately terminating the stay and the property was sold as scheduled. A discharge in the Chapter 7 case that was originally entered on August 9, 1990 was subsequently set aside and revoked by reason the debtor's failure to cooperate with the Chapter 7 Trustee.

## CONCLUSIONS OF LAW

No published opinions from this district have addressed the issue of whether a debtor may concurrently maintain more than one pending bankruptcy case. Although 11 U.S.C. § 727(a)(8) prohibits the entry of a Chapter 7 discharge more frequently than once every six years, nothing in the bankruptcy code expressly prohibits maintaining concurrent petitions under different chapters.

We begin our analysis with the premise that the underlying purpose of an individual voluntary bankruptcy petition is to obtain a discharge. A Chapter 7 discharge is effective as to all prepetition debts not otherwise excepted. 11 U.S.C. § 727(b). A Chapter 11 discharge becomes effective upon confirmation of a plan of reorganization and applies to debts that arose prior to the date of confirmation. 11 U.S.C. § 1141(d). With limited exceptions, Chapter 12 and Chapter 13 discharges are entered upon completion of all payments under the plan. 11 U.S.C. §§ 1228(a); 1328(a). Regardless of the timing, however, the ultimate objective of all individual bankruptcy cases is to obtain a discharge which relieves the debtor of financial burdens and provides a fresh start.

In this case, the debts listed by the debtor in her Chapter 7 and Chapter 11 petitions are identical. Accordingly, the August 9 Chapter 7 discharge would render any discharge under Chapter 11 moot, since no dischargeable claim would remain to be treated under a yet to be tendered Chapter 11 reorganization plan. The timing of the Chapter 11 petition makes it abundantly clear that the debtor's only purpose in filing the Chapter 11 petition was to interfere with and circumvent enforcement of this court's previous orders terminating the automatic stay in her Chapter 7 case.

Our conclusion finds longstanding historical support, which may be traced to *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925). Relying on the general principle that the law will not tolerate two suits at the same time for the same cause, Justice Sutherland similarly rejected the notion that a debtor may seek to discharge the same debts in more than one bankruptcy case. We adopt his reasoning: since the object of a voluntary petition is discharge of debt, there can be no logical basis for maintenance of a second bankruptcy case. The rule in *Freshman* has never been modified by the Supreme Court. Congress has overhauled federal bankruptcy law twice since the *Freshman* case, in 1938 and again in 1978, and in neither instance did it contemplate, much less pass, a provision allowing two cases.

There are additional considerations which militate against the maintenance of dual bankruptcy cases. The case of *In re*

*Smith*, 85 B.R. 872, 874 (Bankr.W.D.Okla. 1988) is instructive:

> If these debtors are permitted to maintain their second petition while a prior case is pending an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases pending at the same time.

Moreover, we observe that assignment of a second case to a different judge could have the effect of encouraging disgruntled debtors to engage in "judge shopping".

We recognize that there is an emerging minority view, exemplified by *In re Grimes*, 117 B.R. 531 (9th Cir. BAP Wash. 1990) which would allow a debtor to maintain a second Chapter 12 case following confirmation and discharge under a Chapter 11 plan. Although *Grimes* is factually distinct from the case at bar, we reject the notion that a debtor may, for whatever reason, maintain more than one pending bankruptcy case at a time.

In multi-judge districts, scenarios orchestrated by innovative, unscrupulous debtors would be restricted only by their imagination and the possibilities practically defy the imagination. Suppose a particularly unscrupulous, vexatious debtor drew a "creditor's judge". If one extends the logic of *Grimes*, the debtor could simply file another petition covering the same property! Granted he may not receive a discharge under 11 U.S.C. § 727, but he might well obtain an order authorizing exemption from the second judge that he did not obtain from the first judge. For that matter, some debtors might elect to file on a monthly or bimonthly basis and enjoy a perpetual state of bankruptcy euphoria, forever thwarting the creditors of the estate.

Thus, we categorically reject and repudiate the *Grimes* view which we perceive as an open invitation to open Pandora's box to an eternal debtor's heaven. Carried to its (il)logical extreme, *Grimes* can serve as authority for endless filings. We agree with the *Grimes* court that the bankruptcy code does not prohibit multiple filings, but then again the bankruptcy code does not specifically prohibit many things. For example, it does not prohibit bankruptcy courts from stretching the underlying philosophy of the bankruptcy code beyond good sense. It does not prohibit bankruptcy courts from encouraging and inviting innovative debtors to manipulate and abuse the system at the expense of creditors. Considering the relatively inexpensive cost of filing fees, debtors could file new cases *ad nauseam*. Undoubtedly, certain debtors would welcome the opportunity to pay $120 every couple of weeks or months to perpetually stay creditors. A truly skilled, clever and vexatious debtor could submit skeletal petitions until the end of the world!

Rather our experience is that conversions to another chapter suffice to accomplish the objective of debtors acting in good faith. Instead of burdening this Court with perpetual petitions filed by a few undeserving debtors, we prefer to devote precious court time to debtors who have one case pending at a time. Courts have to draw the line based on good faith and common sense—we draw the line at one case at a time.

## ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS ORDERED that this case be, and is hereby, DISMISSED WITH PREJUDICE.

This is a final and appealable Order and there is no just cause for delay.