**In re Lowell D. HENKE, Debtor.**

**Bankruptcy No. 90–41702–012.**

United States Bankruptcy Court,
D. Montana.

May 9, 1991.

Norman L. Newhall, Alexander, Baucus & Linnell, P.C., Great Falls, Mont., for Larry Semenza.

Jerrold L. Nye, Nye & Meyer, P.C., Billings, Mont., for debtor.

Arthur G. Matteucci, Matteucci, Falcon & Squires, P.C., Great Falls, Mont., for Farmers State Bank of Conrad.

Doug James, Moulton Bellingham, Longo & Mather, P.C., Billings, Mont., for John Hancock Mut. Life Ins. Co.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 12 case, secured creditors, John Hancock Mutual Life Insurance Company (Hancock), Leonard Semenza and Farmers State Bank of Conrad (Bank) have filed Motions to Dismiss this case and the Chapter 12 Plan on grounds of lack of good faith. Hearing has been held on the Motions and the matter is ripe for decision.

This good faith issue involves serial filings by the Debtor, who operates a wheat and barley farm in Toole County, Montana. Debtor filed a Chapter 11 case in 1987, and after negotiations with the creditors, Hancock, Semenza and the Bank, an Order on confirmation was issued September 1, 1988, and later amended on December 22 and 30, 1988, to reflect the negotiated settlements of the parties. Discharge of the Debtor was entered February 22, 1990, and the case was closed. It is conceded by all parties that the Chapter 11 Plan has been substantially consummated in that the property was re-invested in the Debtor and payments to all secured creditors under the Plan were made and kept current to the time the Debtor filed the pending Chapter 12 case. The Debtor testified that the pending Chapter 12 case was filed due to a change in circumstances which involve a decline in wheat prices and loss of non-

farm income from sales of an idler timer used in cooling engines in trucks. The Chapter 12 case involves the same creditors dealt with in the Chapter 11 case, the same farm property and equipment, the same operator and the same source of income to fund each plan.

The parties agree that serial filings are not *per se* bad faith. *Matter of Metz*, 820 F.2d 1495 (9th Cir.1987); *In re Grimes*, 117 B.R. 531 (9th Cir. BAP 1990).[1] *Metz*, held that successive filings do not constitute bad faith *per se*, that the filings must be examined together, and the result achieved by such filings reviewed against the statutory requirements. *Id.* at 1497. Further, "[T]o judge the good faith—, we apply a 'totality of the circumstances' test", and examine whether a bona fide change in circumstances exists to justify the new filing. *Metz*, at 1498. For example, in *Grimes*, the BAP court noted that the bankruptcy court found the new Chapter 12 filing was made in good faith under circumstances when "the local farming economy experienced a severe downturn" resulting in the inability of the Debtor to make the Chapter 11 Plan payments.

The facts developed in this case show the Debtor is current on all long-term debt payments, is in default by $21,251.46 in payments to unsecured creditors, had $58,-000.00 cash on hand at the date of filing of the Chapter 12 case (since increased to about $100,000.00), projected funding of the Chapter 11 case with a wheat price of $3.00 per bushel, which is the present per bushel price in the Chapter 12 case, projected net idler income in the Chapter 11 case of $40,000.00 to $60,000.00 annually, which is the present projected income in the pending case, has planted the spring wheat, and seeks to make adjustment of claims due Semenza and other unsecured creditors, who are the same creditors involved in the Chapter 11 case. The Debtor states he needs all of the present cash on hand to fund the ongoing farm operation since he has been unsuccessful in obtaining operating loans. The evidence further shows that, contrary to Debtor's opinion, the value of his farm has not depreciated from $900,000.00, the value agreed upon in the Chapter 11 case, but that the present value of the farm has been fixed at $977,000.00 by this Court based on a recent land appraisal.

I find the Debtor has failed to show a change in circumstances to justify the pending Chapter 12 filing. While wheat prices have declined from $4.00 per bushel to approximately $3.00 at the present time, the Chapter 11 Plan was predicted on $3.00 per bushel wheat. Moreover, the idler income still reaches the projected Chapter 11 level. The real thrust of the new filing is the Debtor's attempt to discharge substantial unsecured claims, principally of Semenza and FCB, existing upon confirmation of the Chapter 11 case, under circumstances where the level of income is virtually the same and the farmland has appreciated in value. The Debtor realized in the Chapter 11 case that he could not successfully reorganize unless the Chapter 11 Plan satisfied the absolute priority rule under 1129(b)(1). *See, In re Henke*, 90 B.R. 451, 6 Mont.B.R. 152 (Bankr.Mont.1988). This Court in the Chapter 11 case found, in confirming the Plan, that Henke proposed to contribute at least $680,000.00 over the life of the Plan from non-farm income (Idler sales) to satisfy the capital contribution exception to the absolute priority rule. *Id.* 90 B.R. at 456. All these Plan provisions and negotiated agreements, which lead to confirmation of the Chapter 11 Plan, will become virtually meaningless under Henke's new Chapter 12 proposal. It is noteworthy that Henke made certain he would meet the jurisdictional requirements of Chapter 12 by prepaying the 1990 Hancock secured claim just one week before he filed the Chapter 12 case so he could avert the Chapter 11 confirmation requirements by use of Chapter 12.

---

1. This Court's decision in *In re Borg*, 105 B.R. 56 (Bankr.Mont.1989), is consistent with *Grimes* in that the facts in Borg show a discharge had not been entered in the pending case when the Debtor filed a new Chapter 12 case. *Grimes* holds that a Debtor who has been granted a discharge under one Chapter of Title 11 may file a subsequent petition under another Chapter even though the first case remains open. *Id.* at 536.

In sum, the Debtor has failed to show any substantial or unexpected change in circumstances and is attempting to use Chapter 12 as a means to avoid the negotiated deals he made in the Chapter 11 case.[2] The Court cannot find a need for the pending filing when the secured claims are current and sufficient cash existed to pay the unsecured claims in accordance with the Chapter 11 Plan. From all these circumstances, I find the Chapter 12 case and Plan were filed in bad faith and, therefore, this case must be dismissed.

IT IS ORDERED this Chapter 12 case is dismissed.

---

**2.** One bankruptcy court has held that a successive Chapter 11 or Chapter 12 case cannot be used to evade the § 1127(b) prohibition against modification of a substantially consummated Chapter 11 Plan. *In re Miller,* 122 B.R. 360, 366 (Bankr.N.D.Iowa 1990).