In re Ronald Allen SHOCKLEY, d/b/a Fly Fisherman's Gallery, and Donna Charmayne Shockley, Debtors.

Bankruptcy No. 94–20573–7.

United States Bankruptcy Court,
D. Montana.

Jan. 29, 1996.

John D. Stephenson, Gregory A. Luinstra, Jardine, Stephenson, Blewett & Weaver, P.C., Great Falls, Montana, for Susinno.

James A. Patten, Billings, Montana, for Debtors.

## ORDER

JOHN L. PETERSON, Chief Judge.

In this Chapter 11 case, the United States Small Business Administration (SBA) and office of the U.S. Trustee filed motions to dismiss or convert this case to Chapter 7 on grounds the Debtors are unable to effectuate a confirmed Plan of Reorganization. The Debtors filed a consent to the motion for dismissal, but not conversion. On the day set for hearing on each motion, January 25, 1996, the Debtors filed a separate Chapter 7 petition, No. 96-20151-7. At hearing, the Debtors confessed a confirmable Plan of reorganization could not be proposed, the Debtor had surrendered all assets to the SBA, and Debtors sought dismissal because they desire a discharge in the newly filed Chapter 7 case, since Debtors filed a previous Chapter 7 case in 1989, when they received a discharge. The Debtors argue that conversion of the pending Chapter 11 case to Chapter 7 would prevent discharge in this case under 11 U.S.C. § 727(a)(8), the so-called six-year bar. Two creditors appeared in opposition to dismissal because of a pending agreements made in the Chapter 11 estate concerning assets consisting of wildlife prints and stamps allegedly owned by each creditor.

This Chapter 11 case has been pending since April 20, 1994. The present case shows 147 separate docket entries. The office of U.S. Trustee and creditor Susinno state conversion rather than dismissal is proper because of the controversy which exists between Susinno and SBA as to the right to the collateral in the primary assets of the estate consisting of various artworks. The creditor Pennsylvania Fish and Boat Commission argues along the same lines, that a stipulation concerning its claim and assets required certain actions by the Debtors, which have not been performed.

■ The recent filing of the Chapter 7 case brings into play the rule set forth in *In re Borg*, 105 B.R. 56, 58 (1989) in which this Court held:

> The Debtor filed this Chapter 12 case while appeal was pending on his last Chapter 12 case with the Bankruptcy Appellate Panel of the Ninth Circuit. The Debtor's last Chapter 12 case has not been closed, and remains an open case in this Court. Since the United States Supreme Court decision in *Freshman v. Atkins*, 269 U.S. 121, 123–24, 46 S.Ct. 41, 41–42, 70 L.Ed. 193 (1925), Courts have universally held that a Debtor cannot file a second bankruptcy petition while a previous petition is pending. *See, In re Cowen*, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983); *In re Smith*, 85 B.R. 872, 873–74 (Bankr.W.D.Okla. 1988); *Appleton v. Belmore*, 68 B.R. 889, 891 (Bankr.M.D.Pa.1987). The *Cowen* court addressed the reasoning behind this posture:

> > "The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single estate under a single Chapter within the Code. 11 U.S.C. Sections 103, 301, 302, and 303." *Cowen*, at 894.

> Accordingly, this Court finds that the Debtor's March 6, 1989, filing of a Chapter 12 Petition, with a Chapter 12 case pending, is an abusive, frivolous, and invalid filing.

Other recent cases support the *Borg* holding. *See, In re Keen*, 121 B.R. 513 (Bankr.W.Ky. 1990) and *In re Delaware Valley Broadcasters, Ltd. Part.*, 166 B.R. 36 (Bankr.Del.1994). A limited exception was allowed in *In re Grimes*, 117 B.R. 531 (9th Cir. BAP 1990), which is criticized by *Keen* and *Delaware Valley* and is explained in *In re Henke*, 127 B.R. 255, 266 n. 1 (1991), holding:

---

1. Subsection (c) is not applicable to this case.

2. Section 727(a)(8) provides "a debtor shall be granted a discharge unless—
   (8) The debtor has been granted a discharge under this section, under section 1141 of this

---

This court's decision in *In re Borg*, 105 B.R. 56 (Bankr.Mont.1989) is consistent with *Grimes* in that the facts in *Borg* show a discharge had not been entered in the pending cases when the Debtor filed a new Chapter 12 case. *Grimes* holds that a debtor who has been granted a discharge under one chapter of Title 11 may file a subsequent petition under another chapter even though this first case remains open.

In the case *sub judice*, the discharge has not been entered, which was also the fact in *Borg*. Thus, under *Borg* the second Chapter 7 bankruptcy petition of the Debtors is a nullity if this pending case is not dismissed.

■ Dismissal or conversion is provided for in § 1112(b) which sets forth a non-exclusive list of factors including:

> (b) Except as provided in subsection (c) of this section,[1] on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

> \* \* \* \* \* \*

> (2) inability to effectuate a plan; ...

The test under § 1112(b) as to whether the case should be converted or dismissed is what is in the best interest of the creditors and the estate. That matter rests in the sound discretion of the court. *In re Mechanical Maintenance, Inc.*, 128 B.R. 382 (Bankr. E.D.Pa.1991).

■ In this case, the Debtors have enjoyed Chapter 11 protection for about two years, and have been through protracted litigation with a number of creditors, including Susinno and Pennsylvania. The Debtors' only argument against conversion is that it will deny them a discharge under the converted Chapter 7 case under § 727(a)(8).[2] But for that fact, conversion would be simple

---

title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition.

because the Debtors themselves have sought Chapter 7 relief. Under the Code, the six years begins to run as of the date the first case is "commenced," i.e. filed, and ends as of the date that the subsequent proceeding is begun by the filing of the petition. Under § 348(a) of the Code, when a case is converted from Chapter 11 to Chapter 7, such does not effect a change in the date of the filing of the petition. The previous Chapter 7 case was filed by the Debtor on November 2, 1989, and discharge entered March 20, 1990. Since the pending petition was filed April 20, 1994, the six-year rule would prevent another discharge in this case, but not in the case No. 96–20151–7.

The Debtors' position regarding the discharge problem ignores the plain language of § 1112(b). As stated in *In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir.1994) after citing § 1112(b):

> A motion filed under this section invokes a two-step analysis, first to determine whether "cause" exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in "the best interest of creditors and the estate." *See In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D.Pa.1991). Once "cause" is established, a court is required to consider this second question of whether to dismiss or convert. *See In re Finney*, 992 F.2d 43, 45 (4th Cir.1993).

> \* \* \* \* \* \*

Once a court turns to the second question of determining what is in the best interest of creditors and the estate, it must ascertain the impact on the creditors and on the estate of each of the options. Thus, it has been noted that the inquiry for this element cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law. *See In re Mechanical Maintenance, Inc.*, 128 B.R. at 390. Moreover, in evaluating the interests, the court must consider the interests of *all* of the creditors. In a case similar to that before us, where one creditor was prepared, upon dismissal of a Chapter 11 proceeding, to enforce a judgment against the debtor and against the interests of other creditors, the court stated:

> Though the movant seeks dismissal, § 1112(b) requires a determination of whether dismissal or conversion is in the best interests of creditors and the estate. In light of the pending state court action in which the movant seeks to enforce his judgment and the underlying bankruptcy principle of equality of distribution, the Court concludes that the interest of *all the creditors* will best be served by conversion, rather than by dismissal.

*In re Gilbert Broadcasting Corp.*, 54 B.R. 2, 5 (Bankr.D.N.J.1984) (emphasis added). We believe that these principles accurately flow from the requirements of 11 U.S.C. § 1112(b).

In this case, Susinno and Pennsylvania have raised pertinent questions which compete with the security interests of SBA. The parties acknowledge such. Moreover, marketing of any artist's work is, at best, a difficult task. The parties concede this point also. It is quite apparent that a ready, and relatively expeditious determination can be made in the Chapter 7 case, considering the past Chapter 11 history, to resolve these conflicts. The only question remaining is whether the Debtors' new petition can afford the same procedural and substantive relief. But that petition is a nullity under *Borg*. It has no bearing on whether to convert or dismiss under § 1112(b). All matters considered, I find conversion to Chapter 7 will be in the best interest of *all* the creditors and estate, and provide better flow for the administration of the estate.

IT IS ORDERED the motion to convert this case to Chapter 7 is granted and the case is converted to Chapter 7 of Title 11.