**In re Wayne E. WHITMORE and Elsa P. Whitmore, Debtors.**

**Bankruptcy No. 98–01950.**

United States Bankruptcy Court, D. Idaho.

Sept. 10, 1998.

Jon R. Wilson, Boise, ID, for Debtors.

Michael B. Howell, Howell Law Office, Boise, ID, for Equifax Risk Management Services.

## MEMORANDUM OF DECISION

TERRY L. MYERS, Bankruptcy Judge.

Creditor Equifax Risk Management Services ("Equifax") asks the Court to dismiss this chapter 13 case as an impermissible and prohibited sequential filing. The matter was taken under advisement following argument.

## FACTS

The debtors, Wayne and Elsa Whitmore ("the Whitmores"), filed a voluntary petition for relief under chapter 13 [1] on June 12, 1998, thus commencing this case, No. 98–01950. The Whitmores had filed an earlier petition for relief under chapter 13 on June 9, 1997. That case was assigned number 97–01748. The Court has reviewed, and takes notice of, all the pleadings of record in that earlier matter.

On June 18, 1998, Case No. 97–01748 was dismissed by the Court's order entered upon the motion of the standing chapter 13 trustee under § 1307(c) [2] alleging "cause" consisting of the Whitmores' failure to make required payments under their confirmed plan for a period of three months.

The Trustee's motion to dismiss was filed on May 14 and served on the Whitmores and their counsel.[3] The Trustee's motion advised that an order of dismissal could be entered in 20 days, without further notice or hearing, absent cure of the defect. *See,* § 102(1)(b).

The Whitmores' response was to file, on June 11, a motion to voluntarily dismiss their case under § 1307(b). Then, on June 12, the Whitmores filed Case No. 98–01950.[4] On that date, however, the earlier case had yet to be dismissed, since the clerk had issued a standard notice to the Trustee, upon receipt of the § 1307(b) motion, giving the Trustee 10 days to raise any concerns regarding the debtors' impending voluntary dismissal.[5]

To further complicate the matter, the Trustee had also filed on June 11—the very same date as the Whitmores filed their mo-

1. Unless otherwise indicated, all references to "title," "code," "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P.") 1001—9036.

2. Section 1307(c) provides, "[O]n the request of a party in interest ... and after notice and a hearing, the court may ... dismiss a case under this chapter, ... for cause ...." Cause is not defined, but a nonexclusive list of events that would constitute cause is included in the statute. None of the events requires an express finding of "willfulness."

3. The Whitmores are represented in both these cases by the same attorney.

4. Apparently, the Whitmores believed that their motion for dismissal had been immediately effective.

5. Even if there is no "defense" to a § 1307(b) motion, a trustee still has the right to ask the court to condition the granting of that relief upon payment of administrative expenses or otherwise. *In re Leatham,* 92 I.B.C.R. 179, 180 (D.Idaho 1992). Thus, the court, by practice, gives the trustee an opportunity to be heard in such a situation.

tion—a "certification" to the Court indicating that the defaults addressed in the Trustee's § 1307(c) motion hadn't been cured and asking the Court to enter an order dismissing the case "for cause." This order was entered by the Court on June 18, apparently in the absence of awareness of the pendency of the Whitmores' June 11 request to dismiss.

This state of affairs leads to the present motion of Equifax, an unsecured creditor, to dismiss the new chapter 13 case pursuant to § 109(g)(1).[6] Equifax submits that when Case No. 97–01748 was dismissed on June 18, it was dismissed for the "willful failure of the debtor to abide by orders of the court [regarding payment], or to appear before the court in proper prosecution of the case ...," thus barring the Whitmores from filing another petition for relief for six months. Equifax also argues that the Whitmores' previous case was still active on June 12 when this petition was filed, thus leading to "simultaneous" cases.

### ISSUE

Whether the nature of the dismissal of the Whitmores' previous case prevented for six months the filing of another bankruptcy case, including the instant case, No. 98–01950.

### DISCUSSION

This matter, though complicated by the coincidental timing of the various filings, presents a common scenario. A trustee (or sometimes a creditor) will seek an order of dismissal of a chapter 13 case "for cause." § 1307(b). An order granted on such a motion *might*[7] bar the filing of another bankruptcy petition for 180 days. § 109(g)(1).

In order to avoid this potential bar, the debtor responds to the § 1307(c) motion by exercising the § 1307(b) "absolute right"[8] to dismiss voluntarily. This strategy works to avoid the § 109(g)(1) bar and, so long as the debtor has not yet faced a stay lift motion in the case, avoids the bar of § 109(g)(2).

A debtor can dismiss his or her chapter 13 case voluntarily by complying with § 1307(b) and the rules. Section 1307(b) provides, "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." The only statutory condition placed on granting the debtor's request for dismissal is that the case has not previously been converted.

Procedurally, the debtor need only file the motion and serve it in accordance with Rule 9013. Rule 1017(d). The matter need not be set for hearing. Rule 9013.[9] Indeed, in many cases the debtor announces this "trump" at the hearing on the § 1307(c) motion, by orally making the motion to dismiss under § 1307(b). *See,* Rule 9013 ("A request

---

6. Section 109(g)(1) provides:

   Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
   (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; ...

7. Relief under § 109(g)(1) is not automatic just because the prior case was dismissed under § 1307(c). The "plain language" of these two provisions does not go so far. If an order granting a § 1307(c) motion *always* triggered the § 109(g)(1) bar, Congress could have drafted § 109 to say so, or have modified § 1307(c). It did neither. A § 109(g)(1) evaluation of "willfulness" requires: (a) a second filing within 180 days of dismissal; (b) a contest in that second

case by a creditor, party in interest, trustee, or U.S. Trustee under (or the court's *sua sponte* consideration of) § 109(g); and (c) proof, under the totality of circumstances, that the behavior providing "cause" for dismissal also rose to the level of a "willful" failure to abide by court orders. *In re Stecklein,* 91 I.B.C.R. 244, 246 (Bankr.D.Idaho 1991).

8. *Nash v. Kester (In re Nash),* 765 F.2d 1410, 1413 (9th Cir.1985) expressly so states, though that finding was not necessary to its decision. Nevertheless, its characterization of this "absolute right" has often been cited.

9. However, unlike the debtor's motion for voluntary dismissal, the creditor's or trustee's § 1307(c) motion must be heard on 20 days' notice. Rule 1017(a); Rule 2002; § 102(1)(B). The proceeding to dismiss must also comply with Rule 9014. Rule 1017(d).

for an order ... shall be by written motion, unless made during a hearing.").[10]

◼ While at times frustrating to trustees and creditors, when the court is faced with two competing motions, one the debtor's under § 1307(b) and the other under § 1307(c), the court must give effect to the debtor's motion so long as the requirements of § 1307(b) have otherwise been met. *Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 857 (9th Cir. BAP 1994) ("The better reasoned view is that a court must dismiss the case upon the debtor's request for dismissal under § 1307(b) if that request is made prior to the effective time of an order converting the case to chapter 7."); *See also, In re Patton*, 209 B.R. 98 (Bankr.E.D.Tenn.1997), *In re Greenberg*, 200 B.R. 763 (Bankr.S.D.N.Y.1996), *In re Harper–Elder*, 184 B.R. 403 (Bankr.D.C. 1995), and *In re Sanders*, 100 B.R. 338 (Bankr.S.D.Ohio 1989); *contra, In re Molitor*, 76 F.3d 218, 220 (8th Cir.1996).

◼ When the Whitmores' motion to dismiss Case No. 97–01748 was filed, the Court was required to give it effect. *Beatty, supra.* The Court did not do so, and instead granted the Trustee's motion upon receipt of the Trustee's certification of non-cure of the plan delinquencies. This appears to be a matter of clerical oversight which did not highlight the existence of the Whitmores' competing June 11 motion. By separate order, the record in Case No. 97–01748 will be corrected to reflect that the dismissal of that case was based on the § 1307(b) request. Fed. R.Bankr.P. 9024; Fed.R.Civ.P. 60(a); *see also,* § 105(a).

Since the Whitmores' prior case should have been (and is hereby) dismissed on the Debtors' motion, § 109(g)(1) does not prevent the Whitmores from filing a new petition for relief.[11] The Court's files in Case No. 97–01748 do not reflect that any request for relief from stay preceded the voluntary dismissal, thus § 109(g)(2) does not bar this second chapter 13 case.

Equifax's other basis for opposing the filing of the Whitmores' second case is that the first case was still pending when the second was filed, and that there were improper simultaneously pending cases.

◼ Debtors are not statutorily prohibited from filing a petition for relief while another case is pending. *Grimes v. Farmers Home Admin. (In re Grimes)*, 117 B.R. 531, 533 (9th Cir. BAP 1990); *In re Ross*, 1995 WL 224561, 95 I.B.C.R. 111, 111 (Bankr.D.Idaho 1995). However, the filings must be reviewed together giving consideration to the results that would be achieved by both filings and whether the statutory requirements for filing have been met. *Grimes*, 117 B.R. at 535 (citing *Matter of Metz*, 820 F.2d 1495 (9th Cir.1987)). Also, the "single estate rule," which recognizes that the property of the estate cannot be subject to administration separately under two concurrent cases, may prevent two cases from proceeding at the same time. *Ross*, 95 I.B.C.R. at 112 (citing *Bateman v. Grover (In re Berg)*, 45 B.R. 899 (9th Cir. BAP 1984)).

◼ Here, viewing the two filings together, the net result is that for six days both chapter 13 cases were pending; after that time, the first case was dismissed and only the second remained. Property of the estate was and is now being administered solely in the second case. Under all the circumstances, including the Whitmores' reasonable reliance on the efficacy of their § 1307(b) motion, the fact that the two cases here were simultaneously pending for a few days does not warrant dismissing the second case.

### CONCLUSION

For the foregoing reasons, Equifax's motion to dismiss Case No. 98–01950 is DE-NIED. A separate order will be entered accordingly.

---

10. However, if such a strategic choice increases unnecessarily the costs incurred by a trustee or creditor, the dismissal may be conditioned by the court. See the discussion at note 5, *supra*. *See also*, 28 U.S.C. § 1927.

11. The conclusion that the first case should have been dismissed on the Whitmores' and not the Trustee's motion moots the question of the "willfulness" of the debtors' failure to perform in that case, and the Court makes no ruling thereon.