**In re Rene REYES and Mary Reyes, Debtors.**

**Bankruptcy No. 86–00610–LM13.**

United States Bankruptcy Court, S.D. California.

April 11, 1986.

Robert B. Shanner, San Diego, Cal., for debtors.

Harry W. Heid, San Diego, Cal., trustee.

MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

On March 4, 1986, Guild Mortgage Company (hereinafter "Guild") filed an objection to confirmation of Debtors' Chapter 13 plan or alternatively for relief from automatic stay. The basis for the motion was that Debtors' underlying obligation to Guild had been previously discharged in a

Chapter 7 proceeding. The motion was heard March 10, 1986. After reviewing the pleadings on file and hearing arguments of counsel, this court took the matter under submission.

### FACTUAL SUMMARY

On April 29, 1983, Rene Reyes filed a petition under Chapter 13. The case was converted to Chapter 7 on February 25, 1985. Guild held a first trust deed to secure the repayment of a promissory note in the amount of $54,000. Reyes did not reaffirm his debt under 11 U.S.C. § 524(c). Subsequently, Reyes received a Chapter 7 discharge on July 1, 1985.

Thereafter, Guild initiated foreclosure proceedings which were stayed by the present Chapter 13 filing on February 3, 1986. At the time of the filing of the Chapter 13 Petition, the Debtors were 20 payments in arrears on their obligation to Guild in the approximate amount of $550.00 per month. Debtors proposed a plan paying $350.00 per month to the Trustee.

### DISCUSSION

■ Debtors are attempting to reaffirm a debt under Chapter 13 that was discharged under Chapter 7. Whereas the underlying obligation is discharged (11 U.S.C. § 524(a)(2)), the lien of Guild remains intact. 11 U.S.C. § 541(d). Since Guild cannot collect on the debt, its only recourse is to the collateral itself. *In re Binford*, 13 C.B.C. 637, 638, 53 B.R. 307 (W.D.Ky.1985).

■ Guild argues that the Chapter 13 was filed in bad faith and for no other purpose than to prevent foreclosure. In effect, the Debtors are attempting to compel a reaffirmation of a debt through Chapter 13 when that same debt was not reaffirmed pursuant to 11 U.S.C. § 524(c) in the previous case.

Furthermore, Debtors cannot complain that the subsequent filing is proper merely because Mary Reyes filed jointly under Chapter 13. In an analogous situation the Bankruptcy Court for the Central District of California stated,

"[t]hat it was an abuse of the Bankruptcy Code for a debtor to file a Chapter 13 on the eve of foreclosure after her husband had exhausted all avenues in Bankruptcy Court and State Court." *In re Wang*, 30 B.R. 87, 88 (C.D.Cal.1983).

### CONCLUSION

Debtors' underlying obligation to Guild was discharged; however, Guild's lien remains intact. 11 U.S.C. § 541(d).

Debtors' Chapter 13 plan cannot compel a reaffirmation of a debt that was discharged under a previous Chapter 7.

Debtors' joint filing under Chapter 13 cannot stall foreclosure where the underlying obligation was discharged under Chapter 7. Accordingly,

IT IS ORDERED that confirmation of Debtors' Chapter 13 plan is denied.