**In re Leroy Snyder WELLS and Carliss Marie Wells, Debtors.**

**No. 88 B 2337 E.**

United States Bankruptcy Court, D. Colorado.

March 28, 1991.

---

Marilyn T. Meadoff, Denver, Colo., for debtors.

Jan O. Westman, Denver, Colo., for Mfrs. Hanover Consumer Services, Inc., nka American General Finance, Inc.

Sally J. Zeman, Denver, Colo., Standing Chapter 13 Trustee.

## OPINION AND ORDER

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court on the Motion for Allowance of Late Filed Claim ("Motion") and Notice Pursuant to Local Rule 23 thereof filed in the above-captioned case by American General Finance, Inc., fka Manufacturers Hanover Consumer Services, Inc. ("Creditor"). No party has objected to the Motion.

The record reflects that on February 29, 1988, Debtors filed a voluntary petition pursuant to Chapter 13. In their Chapter 13 Statement, Debtors listed, as a secured creditor, Manufacturers Hanover in care of counsel who filed this Motion. The section 341 meeting of creditors was first set for March 29, 1988, and the notice of that meeting contained the admonishment to creditors that, in order to have a claim allowed, creditors must file a claim within ninety days after the first date set for the meeting for creditors. In addition, the Debtors' Chapter 13 plan listed Creditor as a Class 2A creditor whose claim was se-cured only by an interest in real property that is the Debtors' principal residence, for which defaults would be cured and regular payments would be continued "outside the plan." The Motion to Confirm again makes reference to the Creditor and that motion was also served on the Creditor in care of counsel who filed this Motion.

The real estate which is the focus of this matter was acquired by the Debtors prepetition by way of inheritance. At the time of the inheritance the property was encumbered by the mortgage held by Creditor. However, the Debtors never assumed or agreed to pay the debt to Creditor. Creditor, therefore, has no "right to payment" from the Debtors.

Creditor took the position, apparently even prior to the filing of this Chapter 13, that, due to a defect in the estate proceeding out of which the Debtors obtained their interest in the property, the Debtors did not own an interest in the property. Accordingly, even though the Chapter 13 case was filed, Creditor proceeded with a foreclosure proceeding against the property. The Debtors then filed an adversary proceeding in this Court seeking to void the foreclosure sale because of the Creditor's violation of 11 U.S.C. § 362. That adversary proceeding led to a determination that the Debtors did in fact own an interest in the real estate.

Creditor now seeks the entry of an order allowing it to file a claim in this proceeding even though the time for the filing of claims has expired. Creditor argues that it did not previously file a claim because it did not believe that the Debtors owned an interest in the property. That issue was not resolved until the adversary proceeding was adjudicated. Judgment in the adversary was entered on December 13, 1988. No reason is offered by the Creditor as to why it has delayed for more than two years in seeking to have a claim allowed in this estate.

The threshold question is whether Creditor is a creditor within the meaning of 11 U.S.C. § 101(9). The Bankruptcy Code defines "creditor" as an "entity that has a

claim against the debtor that arose at the time of or before the order for relief." 11 U.S.C. § 101(9). "Claim" is defined in section 101(4) as being a "right to payment...." 11 U.S.C. § 101(4). These provisions must be read in conjunction with 11 U.S.C. § 102(2). That section provides that a "claim against the debtor" includes "a claim against property of the debtor."

By the express language of the Code, Creditor in this case has a "claim" against the Debtors by reason of the mortgage it holds against the Debtors' inherited property. That apparently clear conclusion has been thrown into doubt by reason of the recent Tenth Circuit decision of *In re Johnson*, 904 F.2d 563 (10th Cir.1990). In *Johnson* the court tacitly concluded that, based on the legislative history of section 102(2), unless the claim against the property of the debtor was one established by an explicit agreement for a nonrecourse loan, section 102(2) did not apply. This Court is not bound by this dicta in *Johnson* and is compelled to differ with the rationale of the Tenth Circuit and confine the holding of the case to its facts.

The *Johnson* case involved the classic "Chapter 20" case. The debtor had filed a Chapter 7, received a discharge of all his debts—including his personal obligation on a loan secured by his residence—and thereafter filed a Chapter 13 seeking to cure the arrearage on the secured debt. The bankruptcy court confirmed the debtor's plan, but the district court reversed. *In re Johnson*, 96 B.R. 326 (D.Kan.1989). The rationale of the district court was that the debtor's obligation on the underlying debt had been discharged in the Chapter 7 case. Thus, the creditor no longer had a "right to payment" and did not have a "claim" against the estate. The court stated:

> The court is convinced that where, as here, a mortgage obligation has been discharged under Chapter 7, the mortgagee no longer holds a "claim" against the debtor, but rather, holds only a lien against the debtor's real estate. Thus, the mortgagee is not a "creditor" of the debtor and holds *no claim which can be scheduled in debtor's Chapter 13 plan.*
>
> *Ibid,* 96 B.R. at 329–30 (emphasis added).

The conclusion of the district court was reached without any consideration of 11 U.S.C. § 102(2).

The court of appeals affirmed the opinion of the district court. However, the circuit court expressly considered the impact of 11 U.S.C. § 102(2) and found that it did not apply. The rationale of the Tenth Circuit was that the legislative history underlying 11 U.S.C. § 102(2) indicated that the statute was intended to cover "nonrecourse loan agreements", and no such agreement existed between the debtor and the creditor. *In re Johnson*, 904 F.2d at 566.

There is ample authority supporting the view of both the circuit court and the district court that the debtor's "Chapter 20" plan could not be confirmed. Those supporting cases, which are liberally cited in both *Johnson* opinions, decline to confirm such plans either on the ground of bad faith (*In re Reyes*, 59 B.R. 301 (Bankr.S.D. Cal.1986),) or, without considering the impact of 11 U.S.C. § 102(2), on the ground that the secured lender was not the holder of a "claim" (*In re McKinstry*, 56 B.R. 191 (Bankr.D.Vt.1986); *In re Binford*, 53 B.R. 307 (Bankr.W.D.Ky.1985); *In re Brown*, 52 B.R. 6 (Bankr.S.D.Ohio 1985).) None reach the conclusion reached in *Johnson, supra,* 904 F.2d 563, that the creditor whose debt has been discharged in the Chapter 7 case does not have a "claim" in the ensuing Chapter 13 because the provisions of 11 U.S.C. § 102(2) should be limited to express nonrecourse loan agreements.

This Court does not quarrel with the conclusion reached in *Johnson* that the Chapter 13 plan could not be confirmed. However, the rationale utilized by the Tenth Circuit in its opinion fails to consider the fact that there are many types of transactions that result in nonrecourse types of obligations in the absence of express agreement. Property taxes are notably such. Similarly, it is not uncommon, particularly in personal property types of transactions, for property to be sold or otherwise conveyed "subject to" a lien, but without an assumption of the underlying indebtedness. Property which is encumbered and there-

after transferred by way of a gift also results in a non-recourse type obligation in the hands of the transferee. And, notably, property which is inherited, as was the property in the instant case, may come encumbered by a mortgage but with no personal liability to repay.

This Court is loathe to ignore the clear language of the statute. Indeed, both the Supreme Court and the Tenth Circuit have admonished that this Court should not rely on legislative history in order to depart from the express language of an unambiguous statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *In re Roberts*, 906 F.2d 1440 (10th Cir.1990). In this case Creditor has a lien against property of the Debtors, but has no "right to payment." The obligation did not arise out of an express agreement for nonrecourse treatment, but neither did the nonrecourse nature of the obligation arise in a "Chapter 20" scenario. The Court concludes that the *Johnson* analysis must be limited to the facts of that case and that Creditor must, therefore, be considered to hold a "claim" against Debtors by reason of the express provisions of 11 U.S.C. § 102(2). That determination having been made, the question before the Court is whether Creditor may now be allowed to late file a proof of claim.

■ The filing of proofs of claim in Chapter 13 cases is governed by 11 U.S.C. § 501, § 502(a), § 506, B.R. 3002, and B.R. 3002(c). Bankruptcy Rule 3002(a) states that "an unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed ..." That rule does not speak to the filing of a claim by a secured creditor.

The allowance of claims or interests is governed by 11 U.S.C. § 502. It states that "a claim or interest, *proof of which is filed under section 501 of this title*, is deemed allowed, unless a party in interest ... objects." (Emphasis added.) The provision of the Code which specifically addresses secured claims states, in pertinent part, "an *allowed* claim of a creditor se-cured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest ... and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim." 11 U.S.C. § 506(a) (Emphasis added).

Section 1325(a)(5) of the Code sets forth what the Court must find in order to confirm a plan in which the claim of a secured creditor has been provided for. That provision also speaks in terms of an *allowed secured claim*. Thus, it appears that, while the Rules do not explicitly require a secured creditor to file a claim, 11 U.S.C. §§ 1325, 502(a) and 506 effectively create that requirement if the creditor is to participate in distributions from a confirmed plan. See *In re Johnson*, 95 B.R. 197 (Bankr.D.Colo.1989); Norton, *Bankruptcy Rules*, Editors' Comment to Rule 3002, 1990–1991 Edition.

■ Once it is clear that filing a claim is necessary, the rules governing timing for that filing are triggered. Specifically, Bankruptcy Rule 3002(c) requires that, in a chapter 7 or chapter 13 case, a proof of claim must be filed within ninety (90) days after the first date set for the meeting of creditors. In this case, the Creditor, despite notice of the bankruptcy proceeding, did not file a timely proof of claim. There are few exceptions to Bankruptcy Rule 3002(c) which apply to allow late filing. Bankruptcy Rule 9006(b), which governs the enlargement of time, states that "the court may enlarge the time for taking action under ... Rule 3002(c) ... only to the extent and under the conditions stated in those rules." There is no provision under the exceptions set forth in Bankruptcy Rule 3002(c) which would allow the Court to extend the time. Accordingly, the Court is powerless under these circumstances to grant Creditor's motion. *In re Kennedy*, 40 B.R. 558 (Bankr.N.D.Ala.1984); *In re Stern*, 70 B.R. 472 (Bankr.E.D.Pa.1987); II Lundin, *Chapter 13 Practice*, § 7.18 (Professional Education Systems, Inc. 1990). It is therefore

ORDERED, that the Motion of Manufacturers Hanover Consumer Services, Inc. for allowance of a late filed claim is DENIED.