**In re Geraldine S. BARKER, Debtor.**

**Bankruptcy No. 91–01711–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 5, 1991.

**288**

Randolph A. Fabal, Tampa, Fla., for debtor.

Chris Larimore, Bradenton, Fla., trustee.

### ORDER ON MOTION TO IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 13 case and the matter under consideration is the Motion to Impose Sanctions filed by Merrill Lynch Equity Management, Inc. (Merrill Lynch) against the Debtor, Geraldine S. Barker (Debtor), and her attorney, Randolph A. Fabal (Fabal), pursuant to Bankruptcy Rule 9011. The Court has considered the Motion, together with the record and argument of counsel, and finds the following facts to be relevant to the matter under consideration.

This is the fourth Chapter 13 case the Debtor has filed. The first case, filed on January 25, 1990, was dismissed by Order of the Court because the Debtor failed to comply with the requirements of the Bankruptcy Code governing Chapter 13 cases. The second case, filed on August 6, 1990, was dismissed by Order of the Court following the Defendant's Notice to Dismiss Chapter 13 cases.

On October 19, 1990, the Debtor filed her third Petition for Relief under Chapter 13 of the Bankruptcy Code. Within two weeks, Merrill Lynch filed an Emergency Motion to Dismiss. In the Motion, Merrill Lynch stated that the Debtor was not eligible to be a Debtor under § 109(g) of the Bankruptcy Code because the Debtor's previous Chapter 13 case was dismissed April 24, 1990 for failure to comply with Orders of the Court. On November 16, 1990 the Debtor filed a Motion to Dismiss her Chapter 13 case. This Court entered an Order granting the Debtor's Motion to Dismiss, which rendered the Motion to Dismiss by Merrill Lynch moot. Thus, the Debtor's third Chapter 13 case was dismissed on the Debtor's Motion; it was not dismissed because of the Debtor's failure to obey Court orders. The Debtor's present Chapter 13 case was filed on February 11, 1991, clearly within 180 days of the entry of the Order of Dismissal of the Debtor's third bankruptcy case.

In the instant case, Merrill Lynch filed its Motion to Impose Sanctions against both the Debtor and Fabal; however, the Motion fails to articulate a legal basis for which sanctions should be imposed. The gravamen of the Motion is that Fabal filed the Debtor's fourth Chapter 13 case with knowledge of the three preceding Chapter 13 cases and with full knowledge that this Chapter 13 case was interposed for the improper purpose to harass and/or cause delay to the movant in its pending foreclosure action in Polk County, Florida.

Although there are no contentions in the Motion that sanctions should be imposed pursuant to Bankruptcy Rule 9011, at the hearing on a Motion to Impose Sanctions, counsel for Merrill Lynch argued that Fabal violated Bankruptcy Rule 9011 and thus should be sanctioned. Bankruptcy Rule 9011 provides in pertinent part as follows:

9011. Signing and Verification of Papers

(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code ... shall be signed by at least one attorney of record in the attorney's individual name ... A party who is not represented by an attorney shall sign all papers ... The signature of

an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both an appropriate sanction ...

 It is clear that Bankruptcy Rule 9011 requires a signed document as a prerequisite to its applicability. *In re Ruben,* 825 F.2d 977, 984 (6th Cir.1987). In its motion, Merrill Lynch contends that because Fabal knew of the Debtor's prior Chapter 13 cases, he should be sanctioned. A review of the record of this case reveals that Fabal did not sign the Debtor's Petition for Relief. Instead, the only paper Fabal signed before Merrill Lynch filed its Motion for Sanctions is Exhibit B attached to the Petition. Exhibit B merely provides that Fabal has informed the Debtor that she may proceed under Chapter 7, 11, 12 or 13 and that he explained the relief available under each Chapter. Certainly there is nothing in Exhibit B that could support sanctions under Bankruptcy Rule 9011. Therefore, sanctions against Mr. Fabal under Bankruptcy Rule 9011 are inappropriate.

Merrill Lynch also seeks sanctions against the Debtor because she signed this bankruptcy Petition, as well as her three previous bankruptcy Petitions and, according to Merrill Lynch, the Debtor has neither the ability nor the intention to file a feasible Chapter 13 Plan. The Debtor did, in fact, sign her present Petition for Relief under Chapter 13 of the Bankruptcy Code. The Petition includes her address, an assertion that she has resided within this district for the preceding 180 days, and an asser-

tion that she is qualified to file the Petition and is entitled to benefits of Title 11 U.S.C.

There was no proof presented at the hearing to refute either the Debtor's mailing address or the fact that she resided within this district for the 180 days preceding her filing for a Petition for Relief under Chapter 13 of the Bankruptcy Code. Therefore, the fact that the Debtor signed the Petition containing these statements does not warrant sanctions. The only other statement on the Debtor's Petition is that she is qualified to file such a Petition. To determine whether the Debtor was, in fact, qualified to file a Petition, one must examine § 109 of the Bankruptcy Code. Section 109 of the Bankruptcy Code provides in pertinent part:

§ 109. Who may be a Debtor.

(g) Notwithstanding any other provision of this section, no individual ... may be a Debtor under this title who has been a Debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the Court for willful failure of the Debtor to abide by orders of the Court, or to appear before the Court in proper prosecution of the case; or

(2) the Debtor requested and obtained the voluntary dismissal of the case following the filing of a Request For Relief From The Automatic Stay provided by section 362 of this title.

 A review of the Debtor's third bankruptcy case reveals that she is not precluded from filing a Petition for Relief under Chapter 13 of the Bankruptcy Code because of § 109(g). While the Debtor did have a case pending under 11 U.S.C. within 180 days prior to filing her Petition for Relief in this case, the prior case was not dismissed for the Debtor's failure to abide by Court orders, nor did the Debtor request and obtain a voluntary dismissal of the prior case following the filing of a Motion for Relief from Stay. In fact, in her previous bankruptcy case, Case No. 90–10254–8B3, the Debtor filed a Motion to Dismiss her bankruptcy case two weeks *before* Merrill Lynch filed its Motion for

Relief from Stay. Thus, since the Debtor requested dismissal of the case before Merrill Lynch filed its Motion for Relief from Stay, the Debtor is not precluded under § 109(g) from filing another Petition for Relief under the Bankruptcy Code. In sum, the Debtor was, in fact, eligible to file a petition for relief under Chapter 13 of the Bankruptcy Code, and therefore, her signature on her petition does not warrant sanctions under Bankruptcy Rule 9011.

This leaves for consideration the legal basis upon which sanctions may be imposed against the Debtor or Fabal. In its Motion, Merrill Lynch charges that the Debtor in this case has neither the ability nor the intention to prepare and file a feasible Chapter 13 Plan. Assuming without admitting that this is the case, this does not provide a basis for sanctions. Instead, this provides a proper basis to dismiss the Chapter 13 case or to object to confirmation of the Plan. As noted by the Supreme Court in *Johnson v. Home State Bank*, 96 B.R. 326 (D.Kan.1989), *aff'd*, 904 F.2d 563 (10th Cir.1990), *rev'd*, — U.S. —, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), if Congress intended to prohibit all serial filings it could have done so. In fact, several provisions of the Code do specifically prohibit serial filings. *See* 11 U.S.C. 109(g); 11 U.S.C. 727(a)(9). See also *In re Saylors*, 869 F.2d 1434 (11th Cir.1989); *In re Metz*, 820 F.2d 1495 (9th Cir.1987).

This Court is loathe to condone abusive repeat filings, and the denial of sanctions in this case should not be construed as an imprimatur for Chapter "62" cases.

Notwithstanding, there is nothing in this record which would warrant the imposition of sanctions under any provision of the Bankruptcy Code or Bankruptcy Rules. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Randolph Fabal and Geraldine Barker be and the same is hereby denied.

DONE AND ORDERED.