940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky LAWSON and Nancy Lawson, Plaintiffs-Appellants,
v.
BANCBOSTON MORTGAGE CORPORATION, Defendant-Appellee.
 No. 90-6441.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and HIGGINS, District Judge*.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Nancy and Ricky Lawson, debtors, appeal from a decision of the district court affirming the bankruptcy court's dismissal of the Lawsons' Chapter 13 plan. The debtors proposed a plan whereby they would cure a default on a real estate mortgage held by BancBoston Mortgage Corporation (BancBoston), by paying arrearages and reinstating monthly payments. BancBoston objected to the confirmation of the Lawsons' Chapter 13 plan. The bankruptcy court, sitting en banc, agreed with BancBoston that the Lawsons' debt on the installment note, secured by property owned by the Lawsons, was ineligible for inclusion in the Chapter 13 plan because the debt had been discharged in a prior Chapter 7 proceeding. For the reasons set forth below, we reverse and remand.
 
 I.
 
 2
 On July 26, 1988, the Lawsons filed for relief under Chapter 7 of the Bankruptcy Code (liquidation), 11 U.S.C. Secs. 701 et seq. Their schedules listed, among other debts, a promissory note and first mortgage to BancBoston in the amount of $35,569.61. At the time of the filing, the debtors were eight months behind in the payments on this mortgage note. The debtors did not seek to reaffirm this debt, and, after the Chapter 7 trustee filed a no asset report, a discharge on the Lawsons' scheduled debts was entered and the case was closed in December 1988.
 
 
 3
 Subsequently, the loan was referred to BancBoston's attorneys for foreclosure.[1] According to BancBoston, problems arising from the title examination delayed the filing of a foreclosure suit, and no foreclosure action had been filed when the debtors filed their Chapter 13 proceeding in November 1989, approximately one year after the close of their Chapter 7 case.
 
 
 4
 The debtors' schedule of debts in the Chapter 13 petition included approximately $3,000 in unsecured debt and taxes. It also included the same mortgage debt to BancBoston that had been discharged in the Chapter 7 case, but listed the debt as $45,000 so as to include a 24-month arrearage of approximately $9,500. The debtors proposed a plan whereby they would cure 100 percent of the arrearage over 36 months and would assume regular monthly mortgage payments. BancBoston objected to the confirmation of the plan on the basis that a Chapter 13 plan, as a matter of law, may not cure a home mortgage arrearage when the debtor has previously received a Chapter 7 discharge of the underlying obligation. The bank argued that, because the debtors' personal liability had been discharged in a Chapter 7 liquidation, the mortgage lien securing the debtors' obligation to pay was no longer a "claim" subject to inclusion in an approved Chapter 13 reorganization plan.[2] The bankruptcy court sustained BancBoston's objection and dismissed the debtors' case. Following appeal to the district court, which subsequently affirmed and adopted the bankruptcy court's decision and opinion, the Lawsons filed the instant appeal.
 
 II.
 
 5
 The sole issue presented on appeal is whether a debtor, by including a mortgage in a Chapter 13 plan, may cure a mortgage default and prevent a mortgagee from taking the debtor's home, even though a prior Chapter 7 proceeding discharged the debtor from personal liability on the underlying obligation of the mortgage.[3] At the time of oral argument, the parties and the court became aware that the United States Supreme Court recently heard argument on this same issue when reviewing In re Johnson, 904 F.2d 563 (10th Cir.1990). The Court granted certiorari in Johnson, see 498 U.S. ----, 111 S.Ct. 781 (1991), in order to resolve a conflict among the circuit courts of appeals on the question whether a debtor can include a mortgage lien in a Chapter 13 plan even after the debtor's personal liability on the debt secured by the property has been discharged in a Chapter 7 liquidation. See In re Saylors, 869 F.2d 1434, 1436 (11th Cir.1989); In re Metz, 820 F.2d 1495, 1498 (9th Cir.1987). This panel therefore elected to take the instant appeal under advisement pending the outcome of Johnson.
 
 
 6
 The Supreme Court resolved the question presented in Johnson by holding that a mortgage interest that survives the discharge of a debtor's pesonal liability is a "claim" within the terms of section 101(5). In re Johnson, --- U.S. ----, 111 S.Ct. 2150 (1991). Noting that Congress intended a broad definition of "claim" for the 1978 Bankruptcy Code, the Court applied section 101(5) as follows:
 
 
 7
 Even after the debtor's pesonal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.
 
 
 8
 Id. at 2154.
 
 
 9
 In light of the Court's decision in Johnson, the judgment of the district court is reversed. Because the district court and the bankruptcy court disposed of this case on the ground that BancBoston's mortgage lien was not a "claim" subject to inclusion in a Chapter 13 plan, neither court addressed whether the debtors' proposed plan met the requirements of 11 U.S.C. Sec. 1325(a), which requires the bankruptcy court to find, inter alia, that the plan is feasible and proposed in good faith. We leave these issues for consideration on remand, and this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Liens pass through bankruptcy unaffected, and a creditor may enforce a valid lien even though the underlying debt has been discharged. In re Lindsey, 823 F.2d 189, 191 (7th Cir.1987); Chandler Bank of Lyons v. Ray, 804 F.2d 577, 579 (10th Cir.1986)
 
 
 [2]
 Under the Code "claim" is defined as:
 (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
 (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.
 11 U.S.C. Sec. 101(5) (Supp.1991).
 
 
 [3]
 Successive filing of a Chapter 7 bankruptcy and a Chapter 13 plan is often referred to as a "Chapter 20" filing