**In re Leland COOK, Kathy Cook, Debtors.**

**Bankruptcy No. 94–50302.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 27, 1994.

Lisa Patrick, Merrick, Baker, Fox, Hufft & Strauss, P.C., Kansas City, MO, for movants/debtors.

Robert A. Pummill, Pummill & Rubin, P.C., Kansas City, MO, for Creditor Agri-Bank, FCB.

*ORDER ALLOWING DEBTORS TO CURE DEFAULT AND SUSTAINING DEBTORS' OBJECTION TO CLAIM OF AGRIBANK, FCB*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

## A. *INTRODUCTION*

This is a Chapter 13 case. Pending before the Court is a motion of the debtors for an Order allowing them to cure a default due creditor AgriBank, FCB, as well as debtors' objection to the claim of AgriBank. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and 157(a) and (b)(1).

## B. *FINDINGS OF FACT*

1. Prior to November, 1988, the debtors owed a debt to Farm Credit Bank of St. Louis, the predecessor to AgriBank, FCB (hereinafter AgriBank) which was secured by real estate in Worth County, Missouri, which includes the debtors' residence.

2. As of September, 1988, the debt secured by said real estate was approximately $138,800.00.

3. On or about November 28, 1988, the debtors entered into a modification agreement with AgriBank's predecessor. Pursuant to the terms of this modification agreement, the debt was modified and reduced to $77,000.00, to be paid over a period of twenty years in annual installments of approximately $9,044.39, said annual payments to be due on December 1st of each year.

4. The modification agreement further provided that in the event the debtors failed to make timely payments, the promissory notes would "remain in their present status", meaning the debtors would be obligated for

the entire amount owed prior to the modification.

5. Due to damage caused by flooding in the summer of 1993, the debtors were unable to make their December 1, 1993, payment to AgriBank. The debtors informed AgriBank that they were waiting to receive disaster payments, and would be late in making their December 1, 1993, payment.

6. Subsequently, AgriBank declared the entire balance due and payable. This Chapter 13 case was filed on or about July 14, 1994.

7. AgriBank now claims it is owed $134,370.77, as shown on its proof of claim, which is the amount due under the original promissory notes without modification, after credit for payments made by the debtors.

8. The debtors are prepared to cure the default by making the December 1, 1993, payment in the amount due under the modification agreement, plus interest thereon. The debtors' Chapter 13 plan provides for such cure, as well as for the continuation of regular payments as provided for in the modification agreement.

### C. *CONCLUSIONS OF LAW*

Section 1322(b)(5) of the Bankruptcy Code provides in relevant part that a Chapter 13 plan may

.    .    .    .    .

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

.    .    .    .

11 U.S.C. § 1322.

The facts here are analogous to a prepetition acceleration by a creditor which had not yet foreclosed at the time the bankruptcy was filed. In a number of early cases, creditors contended that since they had accelerated the indebtedness prior to the filing of the bankruptcy, their debt could only be cured by payment of the accelerated amount. This argument was rejected by the Courts. *See, Collier on Bankruptcy*, 15th ed. Section

1322.06. As stated by the Court of Appeals for the Second Circuit in *In re Taddeo*, 685 F.2d 24, 27 (2nd Cir.1982):

> "The power to cure must comprehend the power to 'de-accelerate.' This follows from the concept of 'curing a default.' A default is an event in the debtor-creditor relationship which triggers certain consequences—here, acceleration. Curing a default commonly means taking care of the triggering event and returning to the pre-default conditions. The consequences are thus nullified. This is the concept of cure used throughout the Bankruptcy Code."

The concept that cure means a return to the pre-default status quo is well-recognized. *Grubbs v. Houston First American Savings Ass'n*, 730 F.2d 236 (5th Cir.1984) (en banc); *In re Thompson*, 894 F.2d 1227 (10th Cir. 1990); *In re Metz*, 820 F.2d 1495 (9th Cir. 1987); *In re Terry*, 780 F.2d 894 (11th Cir. 1985); and *In re Clark*, 738 F.2d 869 (7th Cir.1984).

Here, failure to make the December 1, 1993, payment triggered certain consequences, namely the reinstatement of the original note. Such default is one which is subject to cure. The debtors are willing to cure such default, with interest, and to continue making the payments required by the November 28, 1988 modification agreement.

### D. *CONCLUSION AND ORDER*

Based upon the above and foregoing, it is hereby ORDERED as follows:

1. The motion of debtors for Order allowing them to cure the default due and owing to AgriBank, FCB is SUSTAINED, PROVIDED THAT, debtors make the December 1, 1993, payment to AgriBank, plus interest at the plan rate of 10% per annum, within 30 days; and

2. Debtors' objection to the claim of AgriBank, FCB is SUSTAINED; and

3. AgriBank, FCB shall, within 30 days, file an Amended Proof of Claim consistent with this Order.

IT IS SO ORDERED.